UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

OSVALDO DIAZ-PABON,                          :
                                             :
            Petitioner                       :
                                             :
      v.                                     :  CIVIL NO. 3:CV-04-2196
                                             :
WARDEN, U.S.P. LEWISBURG,                    :  (Judge Kosik)
                                             :
            Respondent                       :

**Memorandum and Order**

**Background**

    Osvaldo Diaz-Pabon is an inmate confined at the United States Penitentiary at

Lewisburg (USP-Lewisburg), Pennsylvania.  He filed this petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 on October 5, 2004, challenging his conviction on carjacking

charges in the United States District Court of Puerto Rico.  Specifically, he contended that his

conviction and sentence violated the United States Supreme Court holdings in Apprendi v. New

Jersey, 530 U.S. 466 (2000) and Jones v. United States, 526 U.S. 227 (1999).  Because Diaz-

Pabon failed to demonstrate that the 28 U.S.C. § 2255 remedy utilized to challenge his federal

conviction or sentence was inadequate or ineffective to test the legality of his detention, his §

2241 petition was denied by the court on November 30, 2004, and his case closed.  Presently

pending are petitioner's motions for reconsideration of the court's decision (Docs. 12, 20 and 25).[1]  In seeking reconsideration, petitioner asks the court to consider the cases of United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005) and West v. Vaughn, 204 F.3d 53 (3d Cir. 2000).  Responses to the motions have been submitted and the matter is ripe for disposition.  For the reasons that follow, the motions will be denied.

**Discussion**

Diaz-Pabon filed a motion pursuant to 28 U.S.C. § 2255 in October of 1999 seeking to attack his conviction based upon the case of Jones v. United States, 526 U.S. 227 (1999).  On April 5, 2001, the District Court of Puerto Rico denied the § 2255 motion.  Thereafter, on June 19, 2001, petitioner's motion to request a certificate of appealability based upon the Jones and the Apprendi decisions was also denied. Diaz-Pabon then filed an appeal from the denial of his application for a certificate of appealability with the First Circuit Court of Appeals.  On July 17, 2002, the Circuit Court denied the appeal.  On December 2, 2002, the United States Supreme Court denied Diaz-Pabon's petition for writ of certiorari.  He then filed the instant habeas corpus petition.

In denying the habeas petition, this court found that Diaz-Pabon could not raise his claims in the instant § 2241 petition merely because his § 2255 motion and subsequent

---

[1]  The first motion filed on December 6, 2004, while titled a motion for reconsideration (Doc. 12) was actually a motion requesting copies of documents and not a motion setting forth reasons and arguments in support of reconsideration of the court's closing order. On December 7, 2004, this motion was granted to the extent that copies of the documents referred to by petitioner were forwarded to petitioner for his use in filing a motion for reconsideration.

certificate of appealability had been denied by the District Court of Puerto Rico and First Circuit

Court of Appeals.  These denials did not make his § 2255 remedy inadequate or ineffective.

Further, this court found that Diaz-Pabon had not demonstrated the emergence of a new rule of

constitutional law made retroactive to cases on collateral review by the Supreme Court that

would negate the criminality of his actions.  See 28 U.S.C. § 2244(b)(2)(A); In re Dorsainvil, 119

F.3d 245, 249 (3d Cir. 1997).  Neither the Jones decision nor the Apprendi decision declared

that any conduct, previously thought criminal, was no longer criminal.  Apprendi addresses the

burden of proof and the identity of the fact finder with respect to certain sentencing issues,

while Jones states that the elements of the offense must be submitted to the jury.  The Puerto

Rico District Court and the First Circuit both found that while the jury in petitioner's case was

not instructed on the elements of 18 U.S.C. § 2119(3), such failure fell within the harmless error

doctrine since it was "inconceivable that the jury would have hesitated to find the omitted

element beyond a reasonable doubt."  Thus, the instant situation did not fall within the limited

exception recognized in Dorsainvil which would permit the instant § 2241 petition.  Furthermore,

neither the Jones nor Apprendi decisions were made retroactive to cases on collateral review

and this also did not make petitioner's § 2255 remedy inadequate or ineffective.

Petitioner now attempts to argue the cases of Booker and West in support of his

argument that reconsideration should be granted in this matter.  Respondents contend,

however, that petitioner's motion should be denied for several reasons.  First, they contend that

the motions have not been timely filed and are also subject to dismissal for failure to file a

supporting brief.  In the alternative, they contend that the motions fail to establish manifest

errors of law or fact, or set forth newly discovered evidence.  (Doc. 26.)

A motion for reconsideration is a device of limited utility.  Its purpose is to correct

manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).  Accordingly, a

party seeking reconsideration must demonstrate at least one of the following grounds prior to

the court altering, or amending, a standing judgment: (1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when the court

entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest

injustice.  Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River

Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for

reconsideration is appropriate in instances where the court has " . . . misunderstood a party, or

has made a decision outside the adversarial issues presented to the Court by the parties, or

has made an error not of reasoning, but of apprehension."  See Rohrbach v. AT & T Nassau

Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on

reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel

Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to

reargue unsuccessful theories, or argue new facts or issues that were not presented to the

court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d 678,

682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments,

motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v.</u> <u>Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Only where extraordinary circumstances are present should relief under Rule 60(b) be granted. <u>Bohus v. Beloff</u>, 95 F.2d 919, 930 (3d Cir. 1991).

With regard to respondent's first argument pertaining to the timeliness of petitioner's motions as well as the failure to file supporting briefs, the court is inclined to give petitioner latitude in the instant case, particularly in light of his <u>pro</u> <u>se</u> prisoner status. <u>See</u> <u>Haines v.</u> <u>Kerner</u>., 404 U.S. 519, 520 (1972). While the first motion filed by petitioner on December 6, 2004 did not set forth arguments in support of reconsideration, it can be read into petitioner's request that he desired to seek reconsideration of the court's denial of his petition, but was in need of documents before he could do so. His request for the documents was filed within the time period set forth for filing his motion for reconsideration. In the two motions filed subsequent to his request for documents, while petitioner does not file a separate brief in support of his arguments, he does include in his motions citation to case law and argument. As such, the court will address the merits of petitioner's claims.

The court is in agreement with respondent that neither case cited by petitioner in support of reconsideration warrants a different result in this case. First, petitioner merely mentions the names of the <u>Booker</u> and <u>West</u> cases but does not explain how they are applicable to his situation or require the grant of his petition. In addition, the <u>West</u> case was expressly abrogated by the United States Supreme Court in the case of <u>Tyler v. Cain</u>, 533 U.S. 656, 664-

5

66 (2001). Furthermore, with regard to the <u>Booker</u> case, <u>Booker</u> does not declare any conduct previously thought criminal, to not be criminal any more.  Rather, it relates solely to sentencing issues.  As such, the holding in <u>Booker</u> does not fall within the limited exception recognized in <u>Dorsainvil</u>. Also important is the fact that the <u>Booker</u> decision has not been made retroactive to cases on collateral review.  <u>See</u> <u>In re Olopade</u>, 403 F.3d 159 (3d Cir. 2005).

**ACCORDINGLY, THIS 13**th **DAY OF SEPTEMBER, 2005,** petitioner's motions for reconsideration (Docs. 12, 20 and 25) are **DENIED**.

                                                                    s/Edwin M. Kosik
                                                                    United States District Judge

EMK:lq